**E-Filed 4/14/2009**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JAMES ALAN BUSH,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>DEVON KLEIN, et al.,<br><br>　　　　　　　Defendants. | Case Number C 08-1354 JF (RS)<br><br>ORDER[1] (1) DENYING APPLICATION TO PROCEED *IN FORMA PAUPERIS*; (2) DENYING MOTION FOR RECONSIDERATION; AND (3) SETTING DEADLINE FOR PAYMENT OF FILING FEE<br><br>[Re: doc. nos. 89 & 90] |

　　　　On March 10, 2008, Plaintiff James Alan Bush filed the instant action against numerous defendants, including but not limited to multiple city and county law enforcement agencies and their individual employees, several judges in the Santa Clara Superior Court, and a provider of psychiatric services. Plaintiff alleges that Defendants engaged in a vast conspiracy to harm him after he was committed to a psychiatric hospital in August 2006, *see* Compl. at 23, and that Defendants' action violated his civil rights pursuant to 28 U.S.C. § 1983. Plaintiff also alleges that Defendants violated the Alien Tort Claims Act and the Torture Victims Protection Act, 28 U.S.C. § 1350.

---

　　　　[1] This disposition is not designated for publication in the official reports.

On the same day that he filed the complaint, Plaintiff also filed an application to proceed *in forma pauperis*. On June 20, 2008, the Court denied the application without prejudice on the ground that Plaintiff had failed to state a cognizable claim under federal law. At a hearing on June 27, 2008, the Court stayed the case pending Plaintiff's appeal of the order denying leave to proceed *in forma pauperis*. It appears from the docket that Plaintiff did not file an appeal.

On November 21, 2008, Plaintiff filed an "Application for Leave to Present Late Claim." The application appears to allege a claim for relief under the California Tort Claims Act ("CTCA") for the conversion of Plaintiff's automobile by the San Jose Police Department. A claim brought pursuant to the CTCA against a public entity for conversion must be brought no "later than one year after the accrual of the cause of action." Cal. Gov't Code § 911.2. In his application, Plaintiff acknowledged that his claim for conversion was late. Noting that a claim under the CTCA against a public entity must be lodged first with the applicable agency, in this case the San Jose Police Department, the Court declined to take any action with respect to Plaintiff's application.

Plaintiff then filed the instant motion for reconsideration, incorporating as an attachment a letter from the San Jose Police Department that indicates that it rejected Plaintiff's request to present a late claim pursuant to Cal. Gov't Code § 911.4, which grants an agency discretion to allow a claimant to pursue a cause of action if there is a valid excuse for the tardiness. Plaintiff now presents this rejection to the Court, and apparently seeks relief pursuant to Cal. Gov't Code § 911.4(c)(1), which tolls the accrual period for any period of time in which a claimant is "mentally incapacitated." Shortly after filing his motion for reconsideration, Plaintiff filed another application to proceed *in forma pauperis*. On the same day that Plaintiff filed that application, he also submitted a letter indicating that he currently was incarcerated. This letter also stated that Plaintiff had filed an amended complaint that omitted allegations of torture. The docket contains no record of this amended complaint.[2]

---

[2] Plaintiff also stated that the torture claims were the "sole reason" for the Court's denial of Plaintiff's prior application to proceed *in forma pauperis*.

Pursuant to 28 U.S.C. § 1915, a district court may authorize the commencement of a civil action *in forma pauperis* if the court is satisfied that the would-be plaintiff cannot pay the filing fees necessary to pursue the action. 28 U.S.C. § 1915(a)(1). A district court may deny *in forma pauperis* status, however, if it appears from the face of the proposed pleading that the action is frivolous or without merit. *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990); *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1370 (9th Cir. 1987). As it has previously, the Court finds that Plaintiff's complaint fails to state a cognizable claim under federal law. In addition, Plaintiff's latest request to proceed *in forma pauperis* comes more than six months after the Court stayed the case to allow Plaintiff to appeal the Court's prior order. In light of Plaintiff's delay and his multiple filings[3] with this Court, Plaintiff shall pay the civil filing fee within thirty (30) days or the instant case will be dismissed without prejudice.

Plaintiff's motion for reconsideration of his application to present a late claim also will be denied because it fails to set forth any basis for federal jurisdiction. A claim for conversion against a state agency does not create a basis for federal jurisdiction. *See Hensley v. City of San Buenaventura*, No. 07-CV-0398, 2008 WL 768134, at *4 (S.D. Cal. Mar. 18, 2008). Nor is it clear how such a claim could be brought in conjunction with Plaintiff's claims for relief pursuant to § 1983, as the conversion occurred on March 15, 2007, seven months after the incident that gave rise to the instant action. *See id.* at *5 (district court may not exercise supplemental jurisdiction over unrelated state law claims). Accordingly, the Court will deny Plaintiff's application to present a late claim for lack of subject matter jurisdiction.[4]

---

[3] *See, e.g., Bush v. Sunnyvale Police Dept., et al.* (5:07-CV-0831 JF); *Bush v. Pinto et. al.* (5:07-CV-4241 JF); *Bush v. Cao et. al.* (5:07-CV-4460 JF); *Bush v. Anton et al.* (5:08-CV-3459).

[4] Even if the Court could exercise supplemental jurisdiction over the conversion claim, it has discretion to decline to hear such a claim if all the federal claims have been dismissed. *See Hensley*, 2008 WL 768134, at *5 n.2.

3

1  IT IS SO ORDERED.

4  DATED: April 14, 2009

                                          _____
                                          JEREMY FOGEL
                                          United States District Judge

1  This Order has been served upon the following persons:

2  James Alan Bush
   DWF967-08086698
3  Santa Clara County Jail
4  885 N. San Pedro Avenue
   San Jose, CA 95110
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

5

Case No. C 08-1354 JF (RS)
ORDER DENYING APPLICATION TO PROCEED *IN FORMA PAUPERIS* ETC.
(JFLC1)