UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JAMES ALAN BUSH,

    Plaintiff,                          No. C 08-1354 PJH

    v.                                **ORDER GRANTING MOTION TO VACATE JUDGMENT IN PART AND GRANTING INTRA-DISTRICT TRANSFER**

SUNNYVALE DEPARTMENT OF PUBLIC SAFETY, et al.,

    Defendants.

_____/

        Plaintiff's original complaint, naming more than 40 defendants, was filed on March 10, 2008. On September 29, 2011, the court issued an order granting plaintiff until October 21, 2011, in which to file proofs of service showing service of process on defendants, noting that an order to show cause had previously been issued and a further extension of time to serve defendants had been granted, with no ensuing response by plaintiff. On November 4, 2011, after plaintiff failed yet again to file proofs of service with the court by the court-imposed deadline, the court dismissed the action for plaintiff's failure to comply with service deadlines, and entered judgment accordingly.

        Now before the court is plaintiff's letter dated November 21, 2011, in which plaintiff asserts that, while he is in receipt of the court's order of dismissal (presumably the November 4 order dismissing the case), due to the clerk's failure to properly address correspondence to plaintiff, he never received the original September 29 order granting plaintiff until October 21 in which to file his proofs of service. Plaintiff furthermore contends that at least one waiver of service of summons was returned executed, demonstrating that at least one defendant has been served. Plaintiff requests that the court accordingly vacate the order of dismissal, that the court "reissue" an order that plaintiff file the

1  remaining proofs of service, and that the case be reassigned to the San Jose Division for
2  all further proceedings, as the San Jose venue is more convenient for plaintiff.

3  Plaintiff's letter admits that plaintiff received the court's order of dismissal dated
4  November 4, 2011, which was sent to plaintiff's address located at 471 East Julian Street,
5  San Jose, CA, 95112.  The docket also reveals that the court's September 29, 2011 order
6  setting the October 21, 2011 deadline for filing proofs of service – which plaintiff asserts he
7  never received – was also sent to the East Julian Street address, and that the court never
8  received any indication that the September 29, 2011 order was returned to the clerk as
9  undeliverable.  Plaintiff is therefore presumed to have received the September 29 order,
10 notwithstanding his protestations to the contrary.  As such, plaintiff's basis for requesting
11 that the court vacate its judgment is unpersuasive.  Moreover, however, even if plaintiff is
12 correct that he never received the court's September 29 order, plaintiff does not dispute
13 that this action has now been pending for almost four years, or that he has had multiple
14 occasions in those four years on which to serve defendants, or that he still has *yet to file*
15 any proofs of service.  Indeed, plaintiff does not even state that he has, in fact, served any
16 of the defendants.  In view of all these circumstances, the court finds that no grounds have
17 been presented that would justify vacating the court's prior order of dismissal, and
18 judgment for failure to effect timely service of process.  See Fed. R. Civ. P. 4; see also
19 Efaw v. Williams, 473 F.3d 1038, 1040-41 (9th Cir. 2007).  Moreover, in view of plaintiff's
20 repeated failure to meet court-imposed deadlines and to effect service of process, the court
21 concludes that any prejudice to plaintiff as a result of dismissal, is outweighed by the
22 prejudice that the named but unserved defendants will suffer if the action is allowed to
23 continue.  For these reasons, the court hereby DENIES plaintiff's request to vacate the
24 order of dismissal and judgment entered on November 4, 2011.

25 Notwithstanding the foregoing, however, and with respect to the single defendant
26 Long Thang Cao, plaintiff is correct that the docket shows that a waiver of service was
27 returned executed on December 8, 2010.  Thus, the instant action should not have been
28

dismissed for failure to effect service of process, as to this specific defendant.  The court accordingly VACATES its November 4, 2011 order of dismissal and judgment with respect to Long Than Cao only, and the clerk is ordered to re-open the case accordingly.

The court furthermore finds that plaintiff has demonstrated good cause for transferring the instant action back to the San Jose Division of this court.  Plaintiff has requested transfer on grounds that he resides a short distance from the San Jose courthouse, and that in view of his status as a pro se plaintiff proceeding in forma pauperis, he will be unable to afford the added travel and postage expenses required to prosecute his action in the Oakland division.  The court finds that these reasons are sufficient to demonstrate the propriety of an intradistrict transfer for the convenience of the parties and in the interests of justice.  See Civ. L. Rule 3-2(h).  The court therefore GRANTS plaintiff's motion to transfer, and the action shall be reassigned accordingly.

Finally, to the extent that plaintiff has filed a notice of appeal with regard to the court's November 4, 2011 order, plaintiff should take note of the instant ruling in order to ascertain its effect, if any, on the scope of his pending appeal.  The court furthermore notes that the Ninth Circuit instructed plaintiff by way of its order dated December 5, 2011, to pay all docketing and filing fees within 21 days of the date of its order, or alternatively, to file a motion to proceed in forma pauperis before *the Ninth Circuit Court of Appeals.*  Plaintiff appears to have misapprehended the Ninth Circuit's directive, however, as he filed a motion for leave to appeal in forma pauperis in this court.  Plaintiff is therefore instructed that, if he wishes his motion to proceed in forma pauperis on appeal to be considered, he must re-file his motion before the Ninth Circuit.  Plaintiff's pending motion for leave to appeal in forma pauperis is accordingly DENIED.

**IT IS SO ORDERED.**

Dated: December 14, 2011

PHYLLIS J. HAMILTON
United States District Judge

3