1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| JAMES ALAN BUSH, | ) | Case No.: 5:08-CV-01354-LHK |
| Plaintiff, | ) | |
| v. | ) | ORDER GRANTING MOTION FOR ENTRY OF DEFAULT; DENYING MOTION FOR RECONSIDERATION |
| SUNNYVALE DEPARTMENT OF PUBLIC SAFETY, et. al., | ) | |
| Defendant. | ) | |

Presently before the Court is Plaintiff's motion for entry of default against Defendant Long Than Cao ("Cao") pursuant to Federal Rule of Civil Procedure 55.[1] ECF No. 174. Also before the Court is Plaintiff's motion to reconsider the Court's December 15, 2011 Order Granting Motion to Vacate Judgment in Part and Granting Intra-District Transfer pursuant to Federal Rule of Civil Procedure 54(b) and Civil Local Rule 7-9.[2] ECF Nos. 172, 178. Pursuant to Civil Local Rule 7-1(b), these motions are appropriate for determination without oral argument. Accordingly, the hearing on the motions set for April 12, 2012, at 1:30 p.m. are hereby VACATED. Having reviewed Plaintiff's submissions and the relevant law, the Court GRANTS Plaintiff's motion for entry of default and DENIES Plaintiff's motion for reconsideration for the reasons set forth below.

---

[1] Although Plaintiff submitted a letter, the Court construes the letter as a Fed. R. Civ. P. 55 motion.
[2] Although Plaintiff submitted a letter, the Court construes the letter as a Fed. R. Civ. P. 54/Civ. L.R. 7-9 motion.

1

United States District Court
For the Northern District of California

## I.     Procedural and Factual Background

Plaintiff filed the complaint in this case on March 10, 2008, asserting claims under 42 U.S.C. § 1983 against more than 40 Defendants.  ECF No. 1.  The case was initially before Magistrate Judge Seeborg, but was reassigned to Judge Fogel on April 24, 2008.  ECF No. 5.  On September 13, 2010, Judge Fogel issued an order to show cause why the case should not be dismissed for failure to prosecute.  ECF No. 128.  On October 5, 2010, Plaintiff filed a motion for extension of time to serve summons, arguing that he had shown good cause by, among other things, requesting waivers of service of summons from Defendants pursuant to Federal Rule of Civil Procedure 4(d).  ECF No. 129.  On October 12, 2010, Judge Fogel extended the deadline for service of process to December 14, 2010.  ECF No. 131.

The case was reassigned to Judge Hamilton on September 27, 2011.  ECF No. 146.  On September 29, 2011, Judge Hamilton issued an order requiring Plaintiff to file proofs of service on Defendants by October 21, 2011.  ECF No. 147.  On November 4, 2011, Judge Hamilton dismissed the action for Plaintiff's failure to timely file proofs of service, ECF No. 149, and entered judgment for Defendants.  ECF No. 150.  On November 14, 2011, Plaintiff filed a "Notice of Hearing" and a letter requesting a hearing on "the status" of the case.  ECF Nos. 151, 152.  On November 16, 2011, Judge Hamilton denied Plaintiff's request for a hearing, reiterating that the case was closed pursuant to the Court's November 4, 2011 Order and final judgment.  ECF No. 153.

On November 29, 2011, Plaintiff appealed Judge Hamilton's November 16, 2011 Order to the Ninth Circuit.  ECF No. 155.  On December 5, 2011, the Ninth Circuit ordered the following: "Within 21 days from the date of this order, appellant shall: (1) file a motion with this court to proceed in forma pauperis; (2) pay $455.00 to the district court as the docketing and filing fees for this appeal and provide proof of payment to this court; or (3) otherwise show cause why the appeal should not be dismissed for failure to prosecute."  ECF No. 158.  The Ninth Circuit then dismissed the appeal for failure to comply with the Ninth Circuit's December 5, 2011 Order.  ECF No. 175.

Plaintiff filed another letter on November 28, 2011, requesting that Judge Hamilton vacate her order of dismissal on the ground that Plaintiff had not received the Court's September 29, 2011 Order.  ECF No. 154.  On December 15, 2011, Judge Hamilton issued an order declining to vacate

2

the dismissal as to all but one Defendant.  ECF No. 162.  Judge Hamilton noted that the September

29, 2011 Order was mailed to Plaintiff's address and that the Court never received any indication

that the September 29, 2011 Order was returned to the clerk as undeliverable.  *Id.* at 2.  Judge

Hamilton concluded that Plaintiff was "presumed to have received the September 29 order,

notwithstanding his protestations to the contrary."  *Id.*  However, Judge Hamilton vacated the

dismissal as to Cao, because Plaintiff had filed a waiver of service and summons, *see* ECF Nos.

132, 134, signed by Cao.  *See* ECF No. 162.  Plaintiff also appealed Judge Hamilton's December

15, 2011 Order to the Ninth Circuit.  *See* ECF No. 167.  On February 16, 2012, the Ninth Circuit

dismissed this appeal for lack of jurisdiction because Judge Hamilton's December 15, 2011 Order

was "not final or appealable."  ECF No. 183 (citing 28 U.S.C. § 1291; *Chacon v. Babcock*, 640

F.2d 221, 222 (9th Cir. 1981)).

      The case was transferred to the San Jose Division and reassigned to the undersigned judge

on December 15, 2011.  *Id.*  On December 22, 2011, Plaintiff filed a motion requesting the Clerk of

the Court to enter default against Cao.  ECF No. 169.  The Clerk declined to enter default.[3]  ECF

No. 173.  Plaintiff filed the instant motion for entry of default on January 3, 2012, ECF No. 174,

and the instant motion for reconsideration on January 6, 2012.  ECF No. 172.[4]

## II.    Analysis

### A.  Entry of Default

      The Clerk of the Court declined Plaintiff's request to enter default, and Plaintiff has

requested that the Court grant the request to enter default.  Plaintiff argues that Defendant's waiver

of service was proper and constituted a valid proof of service of summons and complaint.  The

Court agrees.

      If a defendant "has timely waived service" under Federal Rule of Civil Procedure 4(d), the

defendant "must serve an answer . . . within 60 days after the request for a waiver was sent . . . ."

---

[3] The Clerk's decision does not state a reason for its declination of Plaintiff's request to enter
default.  *See* ECF No. 173.  Plaintiff asserts that during a conversation with Court staff, he was
informed that the reason for the declination was Plaintiff's failure to provide a valid proof of
service showing service of process on Defendant.  ECF No. 174.
[4] Plaintiff's letter dated January 6, 2012, ECF No. 172, is identical to Plaintiff's letter dated
January 9, 2012, ECF No. 178, except that the January 9, 2012 letter contains an additional
attachment.

Case No.: 5:08-CV-01354-LHK
ORDER GRANTING ENTRY OF DEFAULT; DENYING MOTION FOR RECONSIDERATION

1    Fed. R. Civ. P. 12(a)(1)(A)(ii).  "When a party against whom a judgment for affirmative relief is

2    sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise,

3    the clerk must enter the party's default."  Fed. R. Civ. P. 55(a).  A district court also has the

4    discretion to enter default.  *Dreith v. Nu Image, Inc.*, 648 F.3d 779, 786 (9th Cir. 2011); *Best Deals*

5    *on TV, Inc. v. Naveed*, No. 07-CV-01610-SBA, 2008 WL 2477390, at *7 (N.D. Cal. June 18, 2008)

6    (citing *Breuer Elec. Mfg. v. Toronado Sys. of Am., Inc.*, 687 F.2d 182, 185 (7th Cir. 1982)).

7         Under Federal Rule of Civil Procedure 4(d), a plaintiff may request a defendant to waive

8    service of a summons by asking a defendant to sign and return a waiver of service.  Fed. R. Civ. P.

9    4(d).  "When the plaintiff files [the signed] waiver, proof of service is not required and these rules

10   apply as if a summons and complaint had been served at the time of filing the waiver."  Fed. R.

11   Civ. P. 4(d)(4).

12        In requesting a defendant to waive service of a summons, a plaintiff must meet certain

13   requirements set forth in Rule 4(d)(1).  Specifically, the notice and request to a defendant must:

14        (A) be in writing and be addressed:

15        (i) to the individual defendant;

16        * * *

17        (B) name the court where the complaint was filed;

18        (C) be accompanied by a copy of the complaint, two copies of a waiver form, and a
          prepaid means for returning the form;

19

20        (D) inform the defendant, using text prescribed in Form 5, of the consequences of
          waiving and not waiving service;

21

22        (E) state the date when the request is sent;

23        (F) give the defendant a reasonable time of at least 30 days after the request was
          sent . . . to return the waiver; and

24

25        (G) be sent by first-class mail or other reliable means.

26   *Id.*

27        Here, Plaintiff's request and notice for a waiver of service meet all the requirements under

28   Rule 4(d): (1) the notice and request was in writing and addressed to Cao; (2) Plaintiff named this

                                                    4

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1  Court as the court where Plaintiff filed his complaint; (3) Plaintiff attached a copy of the complaint,

2  two copies of the waiver form, and a prepaid means of returning one signed copy of the form to

3  Plaintiff; (4) Plaintiff informed Cao of the consequences of waiving and not waiving service; (5)

4  Plaintiff stated the date when the request was sent, "October 8th, 2010"; (6) Plaintiff gave Cao 53

5  days after the request was sent for Cao to return the waiver; and (7) Plaintiff sent the request and

6  notice using a reliable means. *See* ECF No. 174, Ex. A.

7        Plaintiff separately filed two waivers of service signed by Cao.  Plaintiff explained that he

8  sent all Defendants a waiver within 60 days of commencing this action and sent Cao an additional

9  waiver of service on December 2, 2010.  ECF No. 174, at 6 n.1.  Plaintiff filed the first waiver of

10  service on November 19, 2010, which was signed by Cao on November 4, 2010.  ECF No. 132.

11  Plaintiff filed the second waiver of service on December 8, 2010, which was signed by Cao on

12  December 2, 2010.  ECF No. 134.  Both of Cao's waivers of service were filed prior to Judge

13  Fogel's deadline of December 14, 2010, ECF No. 131.  Thus, the Court finds that service of

14  process was timely and proper pursuant to Rule 4(d)(4).  Cao was therefore required to "serve

15  an answer . . . within 60 days" after the request for a waiver was sent.  Fed. R. Civ. P.

16  12(a)(1)(A)(ii).

17        Regardless of when Plaintiff sent Cao the request for waiver of service, far more than a year

18  has passed since Plaintiff sent the request, and Cao has failed to file an answer.  Thus, the 60 day

19  deadline to file an answer has long passed.  Fed R. Civ. P. 12(a)(1)(A).  Moreover, Cao has never

20  appeared in this action.  Cao has thus "failed to plead or otherwise defend."  Fed. R. Civ. P. 55(a).

21  In doing so, Cao failed to "demonstrate[] a clear purpose to defend [himself], [such that the C]ourt

22  may not enter default against [him]."  *Direct Mail Specialists, Inc. v. Eclat Computerized Techs.,*

23  *Inc.*, 840 F.2d 685, 689-90 (9th Cir. 1988).  Thus, the Court GRANTS Plaintiff's motion for entry

24  of default against Cao.  Accordingly, the Clerk shall enter default against Cao.

25              **B.  Motion for Reconsideration**

26        Plaintiff also asks this Court to reconsider Judge Hamilton's December 15, 2011 Order

27  Granting Motion to Vacate Judgment in Part and Granting Intra-District Transfer and requests that

28  the Court permit the late filing of the remaining proofs of service.  ECF No. 178.

Case No.: 5:08-CV-01354-LHK
ORDER GRANTING ENTRY OF DEFAULT; DENYING MOTION FOR RECONSIDERATION

United States District Court
For the Northern District of California

Where, as here, the Court has not "expressly determine[d] that there is no just reason for delay, . . . any order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). In this judicial district, Civil Local Rule 7-9 provides a procedure whereby a litigant dissatisfied with an interlocutory ruling may seek leave to file a motion for reconsideration in this Court. The moving party must specifically show:

> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
>
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or
>
> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civ. L.R. 7-9(b). Moreover, "No motion for leave to file a motion for reconsideration may repeat any oral or written argument made by the applying party in support of or in opposition to the interlocutory order which the party now seeks to have reconsidered. Any party who violates this restriction shall be subject to appropriate sanctions." Civ. L.R. 7-9(c).

The Court construes Plaintiff's letters of January 6 and January 9, 2012 as a motion for reconsideration pursuant to Fed. R. Civ. P. 54(b) and Civil Local Rule 7-9. As the Ninth Circuit's February 16, 2012 Order recognized, Judge Hamilton's December 15, 2011 Order was "not final." ECF No. 183. Thus, to seek relief from Judge Hamilton's December 15, 2011 Order, Plaintiff was required to first obtain leave of the Court to file a motion for reconsideration. Civ. L.R. 7-9(a). Plaintiff did not do so.

In addition, Plaintiff has failed to show any "material difference in fact or law exists" from what was before Judge Hamilton when she issued her December 15, 2011 Order. Civ. L.R. 7-9(b)(1). Plaintiff alleges that all Defendants were served by waiver of summons and that Santa Clara County Counsel acknowledged receipt of the notice of lawsuit and request for waiver of

6

**United States District Court**
For the Northern District of California

1    service of summons, ECF No. 178, at 1 n.1.  These facts do not appear to have been before Judge

2    Hamilton.  However, even if these facts were true, they would not have been material to her

3    decision.  As a sister court has recognized: "Although Rule 4(d) authorizes a plaintiff to request

4    waiver of service, a defendant is not required to respond to the request.  Consequently, if a

5    defendant fails to respond to a request for wavier, the plaintiff nonetheless must effect service of

6    process on that defendant in a timely manner under Rule 4(m)."  *Al-Hizbullahi v. Bleisner*, No. 04-

7    CV-4903-MMC (PR), 2009 WL 1855234, at *2 (N.D. Cal. June 29, 2009).  Thus, Plaintiff's

8    argument that service of process was effected properly by the mere fact that Plaintiff served all

9    Defendants with a waiver of service is unpersuasive.

10        Plaintiff's reliance on *Ecret v. Diamond*, No. C07-171RSL, 2007 WL 2743432, *2 (W.D.

11   Wash. 2007), is inapposite.  Plaintiff asserts that *Ecret* stands for the proposition that service of

12   process is proper if a defendant acknowledges in open court the receipt of the notice and request

13   for waiver of service.  The Court has reviewed *Ecret* and does not find this proposition stated

14   explicitly or by implication.  On the contrary, the *Ecret* court declined to dismiss the case against

15   the municipal defendant because the Defendant had "actually received the notice and signed the

16   request for waiver of formal service."  *Id.*  Accordingly, *Ecret* does not support Plaintiff's position

17   here.

18        Plaintiff also does not argue that new material facts emerged or that a change of law

19   occurred after Judge Hamilton filed her December 15, 2011 Order.  *See* Civ. L.R. 7-9(b)(2).

20   Plaintiff cites no change in the law.  Plaintiff alleges that since his release from custody he has:

21   "(1) promptly addressed the erroneous decline of the request for entry of default by clerk against

22   Defendant Long Thang Cao, (2) notified the Court of its failure to properly address

23   correspondence, and (3) ha[s] attempted to schedule several hearings in order to resolve the

24   outstanding issues that arose while incarcerated."  ECF No. 178, at 2.  Plaintiff alleges that these

25   facts show that since his release from custody he has "actively prosecuted this case."  *Id.* at 1.

26   Plaintiff had already notified Judge Hamilton about the Court's "failure to properly address

27

28

Case No.:  5:08-CV-01354-LHK
ORDER GRANTING ENTRY OF DEFAULT; DENYING MOTION FOR RECONSIDERATION

1  correspondence." ECF No. 154.[5]  As discussed above, Judge Hamilton considered this fact, but

2  found it unpersuasive in light of the fact that the Court had not received any indication that the

3  order at issue had been undeliverable.  Moreover, the other facts -- Plaintiff's prompt action as to

4  the entry of default and his attempts to schedule hearings -- are not material to Judge Hamilton's

5  December 15, 2011 Order.  Plaintiff's post-release conduct is irrelevant, and therefore immaterial

6  to Judge Hamilton's finding that Plaintiff had failed to file proofs of service on the other

7  Defendants by October 21, 2011.

8           Finally, Plaintiff has not specifically shown that Judge Hamilton exhibited a "manifest

9  failure . . . to consider material facts or dispositive legal arguments which were presented to" her

10 before her December 15, 2011 Order.  Civ. L.R. 7-9(b)(3).  Thus, even if Plaintiff had properly

11 obtained leave to file this motion for reconsideration, he would not be able to show that he is

12 entitled to any relief.

13          Accordingly, Plaintiff's motion for reconsideration is DENIED.

14 **III.    Conclusion**

15          For the foregoing reasons, Plaintiff's motion for entry of default is GRANTED.  The Clerk

16 shall enter default against Cao.  If Plaintiff seeks to file a motion for default judgment, he must do

17 so within 45 days of the Clerk's entry of default and after obtaining a hearing date from the

18 Courtroom Deputy.  Plaintiff's motion for reconsideration is DENIED.  Plaintiff shall immediately

19 serve a copy of this Order on Cao and file a proof of service with the Court by April 20, 2012.

20 **IT IS SO ORDERED.**

21

22 Dated: April 10, 2012                          _Lucy H. Koh_

23                                                LUCY H. KOH
                                                  United States District Judge

24

25

26

27 _____
   [5] Although Plaintiff had already made this argument to Judge Hamilton, the Court declines to
   impose sanctions at this time, even though it would be in the Court's discretion to do so.  *See* Civ.
28 L.R. 7-9(c).  Plaintiff is warned, however, that any future failure to abide by Civ. L.R. 7-9's
   prohibition against repeating "oral or written argument" may result in sanctions.

Case No.: 5:08-CV-01354-LHK
ORDER GRANTING ENTRY OF DEFAULT; DENYING MOTION FOR RECONSIDERATION