UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JAMES ALAN BUSH, | Case No.: 5:08-CV-01354-LHK |
| Plaintiff, | |
| v. | ORDER DENYING MOTION FOR DEFAULT JUDGMENT |
| SUNNYVALE DEPARTMENT OF PUBLIC SAFETY, et. al., | |
| Defendants. | |

Pending before the Court is Plaintiff James Alan Bush's Motion for Default Judgment ("Motion"). ECF No. 201. Plaintiff's Motion is supported by a declaration from Plaintiff. ECF No. 202. A separate memorandum of points and authorities was not provided. The Court previously found this matter appropriate for disposition without oral argument pursuant to Civil Local Rule 7-1(b), and vacated the hearing scheduled for November 29, 2012. ECF No. 205. Having considered Plaintiff's submissions and the relevant law, the Court DENIES Plaintiff's Motion.

In the Motion, Plaintiff requests entry of default judgment against Defendant Long Thang Cao. *Id.* Specifically, Plaintiff requests that he be granted a "declaration of fact based on the allegations made against [Mr. Cao] as set forth in the amended complaint." *Id.*

The Ninth Circuit has articulated the following factors for courts to consider in determining whether default judgment is appropriate:

(1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

In this case, the Court finds the second, third, and fifth factors particularly persuasive. The factual allegations in the Complaint that pertain to Mr. Cao are relatively sparse. Specifically, Plaintiff states that "Defendant, Long Cao, took a number of actions that contributed to the major human rights abuses that took place, which began on February 23rd, 2006, and continue until this day. He was present at the time; and, apparently, his purpose was to prevent and interfere with discovery of the acts of torture, and to prevent efforts by the Plaintiff to seek and find remedy and relief." *See* Complaint, ECF No. 1, at 14. No further specific information about Mr. Cao or his alleged offenses is provided.

Furthermore, in the Motion, Plaintiff does not refer to any evidence concerning Mr. Cao's activities or purported wrongdoing. Rather than provide factual support for his position regarding Mr. Cao, Plaintiff simply states that "[b]y virtue of default, [Mr. Cao] may not challenge the factual allegations supporting the claim." *Id.* Plaintiff also does not provide any legal authority supporting Plaintiff's assertions that Mr. Cao is liable for violating Plaintiff's human rights.

Given the sparsity of the allegations and the evidence, the Court finds that Plaintiff's claims do not have legal merit, that the complaint is not sufficient to establish entitlement to relief, and that there is likely to be a dispute about the factual underpinnings of the claims. For these reasons, the Court DENIES Plaintiff's Motion for Default Judgment.

IT IS SO ORDERED.

Dated: December 3, 2012

_____
LUCY H. KOH
United States District Judge

2

Case No.: 5:08-CV-01354-LHK
ORDER DENYING MOTION FOR DEFAULT JUDGMENT