UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JAMES ALAN BUSH, | Case No.: 5:08-CV-01354-LHK |
| Plaintiff, | |
| v. | ORDER DISMISSING CASE WITH PREJUDICE |
| SUNNYVALE DEPARTMENT OF PUBLIC SAFETY, et. al., | |
| Defendants. | |

Plaintiff filed the complaint in this case on March 10, 2008, asserting claims under 42 U.S.C. § 1983 against more than 40 Defendants. ECF No. 1. The case was initially before then-Magistrate Judge Seeborg, but was reassigned to Judge Fogel on April 24, 2008, ECF No. 5. On September 13, 2010, Judge Fogel issued an order to show cause why the case should not be dismissed for failure to prosecute. ECF No. 128. On October 5, 2010, Plaintiff filed a motion for extension of time to serve summons, arguing that he had shown good cause by, among other things, requesting waivers of service of summons from Defendants pursuant to Federal Rule of Civil Procedure 4(d). ECF No. 129. On October 12, 2010, Judge Fogel granted Plaintiff's request and extended the deadline for service of process to December 14, 2010. ECF No. 131.

The case was reassigned to Judge Hamilton on September 27, 2011. ECF No. 146. On September 29, 2011, Judge Hamilton issued an order requiring Plaintiff to file proofs of service on Defendants by October 21, 2011. ECF No. 147. On November 4, 2011, Judge Hamilton dismissed

1

Case No.: 5:08-CV-01354-LHK
ORDER DISMISSING CASE WITH PREJUDICE

the action for Plaintiff's failure to timely file proofs of service, ECF No. 149, and entered judgment for Defendants. ECF No. 150. On November 14, 2011, Plaintiff filed a "Notice of Hearing" and a letter requesting a hearing on "the status" of the case. ECF Nos. 151, 152. On November 16, 2011, Judge Hamilton denied the Plaintiff's request for a hearing, reiterating that the case was closed pursuant to the Court's November 4, 2011 Order and final judgment. ECF No. 153.

On November 29, 2011, Plaintiff appealed Judge Hamilton's November 16, 2011 Order to the Ninth Circuit. ECF No. 155. On December 5, 2011, the Ninth Circuit ordered the following: "Within 21 days from the date of this order, appellant shall: (1) file a motion with this court to proceed in forma pauperis; (2) pay $455.00 to the district court as the docketing and filing fees for this appeal and provide proof of payment to this court; or (3) otherwise show cause why the appeal should not be dismissed for failure to prosecute." ECF No. 158. The Ninth Circuit then dismissed the appeal for failure to comply with the Ninth Circuit's December 5, 2011 Order. ECF No. 175.

Plaintiff filed another letter on November 28, 2011, requesting that Judge Hamilton vacate her order of dismissal on the ground that Plaintiff had not received the Court's September 29, 2011 Order. ECF No. 154. On December 15, 2011, Judge Hamilton issued an order declining to vacate the dismissal as to all but one Defendant. ECF No. 162. Judge Hamilton noted that the September 29, 2011 Order was mailed to Plaintiff's address and that the Court never received any indication that the September 29, 2011 Order was returned to the clerk as undeliverable. *Id.* at 2. Judge Hamilton concluded that Plaintiff was "presumed to have received the September 29 order, notwithstanding his protestations to the contrary." *Id.* However, Judge Hamilton vacated the dismissal as to Defendant Long Thang Cao, because Plaintiff had filed a waiver of service and summons, *see* ECF Nos. 132, 134, signed by Cao. *See* ECF No. 162. Plaintiff also appealed Judge Hamilton's December 15, 2011 Order to the Ninth Circuit. *See* ECF No. 167. On February 16, 2012, the Ninth Circuit dismissed this appeal for lack of jurisdiction because Judge Hamilton's December 15, 2011 Order was "not final or appealable." ECF No. 183 (citing 28 U.S.C. § 1291; *Chacon v. Babcock*, 640 F.2d 221, 222 (9th Cir. 1981)).

The case was transferred to the San Jose Division and reassigned to the undersigned judge on December 15, 2011. *Id.* On December 22, 2011, Plaintiff filed a motion requesting the Clerk of

the Court to enter default against Mr. Cao. ECF No. 169. The Clerk declined to enter default. ECF No. 173. Plaintiff filed a motion for entry of default on January 3, 2012, ECF No. 174, and a motion for reconsideration of Judge Hamilton's December 15, 2011 order on January 6, 2012. ECF No. 172. On April 10, 2012, this Court granted Plaintiff's motion to enter default against Mr. Cao and ordered the Clerk to enter default. *See* ECF No. 196. This Court also denied Plaintiff's motion for reconsideration of Judge Hamilton's December 15, 2011 order. *Id.* This Court directed Plaintiff to file a motion for default judgment within 45 days of the Clerk's entry of default. On July 23, 2012, this Court extended the deadline for Plaintiff to file a motion for default judgment because there was no indication that Plaintiff had been served with the Court's April 10, 2012 order. *See* ECF No. 199.

On August 15, 2012, Plaintiff filed a motion for default judgment as to Cao. *See* ECF No. 201. This Court denied the motion on December 3, 2012. ECF No. 206. This Court found that the "factual allegations in the Complaint that pertain to Mr. Cao are relatively sparse." *Id.* at 2. This Court denied the motion because the Complaint lacked any specific information about Mr. Cao or his alleged offenses and Plaintiff failed to refer to any evidence concerning Mr. Cao's activities or purported wrongdoing in the motion for default judgment. *Id.* (citing *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986)). In the December 3, 2012 order denying Plaintiff's motion for default judgment, this Court stated:

> Specifically, Plaintiff states that "Defendant, Long Cao, took a number of actions that contributed to the major human rights abuses that took place, which began on February 23rd, 2006, and continue until this day. He was present at the time; and, apparently, his purpose was to prevent and interfere with discovery of the acts of torture, and to prevent efforts by the Plaintiff to seek and find remedy and relief." *See* Complaint, ECF No. 1 at 14. No further specific information about Mr. Cao or his alleged offenses is provided.
>
> Furthermore, in the Motion, Plaintiff does not refer to any evidence concerning Mr. Cao's activities or purported wrongdoing. Rather than provide factual support for his position regarding Mr. Cao, Plaintiff simply states that "[b]y virtue of default, [Mr. Cao] may not challenge the factual allegations supporting the claim." *Id.* Plaintiff also does not provide any legal authority supporting Plaintiff's assertions that Mr. Cao is liable for violating Plaintiff's human rights.

ECF No. 206 at 2. This Court therefore found that "Plaintiff's claims do not have legal merit" and that "the complaint is not sufficient to establish entitlement to relief." *Id.*

1   In the nearly year and a half since this Court's December 3, 2012 denial of Plaintiff's
2 motion for default judgment, Plaintiff has not renewed his motion for default judgment or amended
3 his complaint to state a plausible legal claim.  In light of Plaintiff's failure to file a renewed motion
4 for default judgment or to provide a coherent legal theory in his complaint, the Court dismisses
5 with prejudice Plaintiff's claims against Mr. Cao.  *See Aldabe v. Aldabe*, 616 F.2d 1089, 1093 (9th
6 Cir. 1980) (noting that a district court may deny a motion for default judgment and dismiss a
7 plaintiff's claims on the district court's own motion where the plaintiff's substantive claims lack
8 merit).
9   The Clerk shall close the case file.
10 **IT IS SO ORDERED.**

Dated: May 12, 2014

*(signature)*
LUCY H. KOH
United States District Judge

4
Case No.: 5:08-CV-01354-LHK
ORDER DISMISSING CASE WITH PREJUDICE